UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GRANT W. KYLE,

                                  Plaintiff,                      5:21-cv-919 (BKS/ML)

v.

GREEN BIRD, LTD,

                                  Defendant.
_____

**Appearances:**

*For Plaintiff*:
James W. Cunningham
Thomas J. DeBernardis
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton Street, Suite 600
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.     INTRODUCTION

Plaintiff Grant W. Kyle brought this diversity action asserting negligence claims against Defendants Amazon.com, Inc. and Green Bird, LTD arising out of an injury Plaintiff sustained from a sickle Defendant Green Bird sold to Plaintiff through Defendant Amazon's website. (Dkt. No. 28 (Amended Complaint)).[1] Defendant Green Bird has not answered the Amended Complaint or otherwise appeared in this action. Plaintiff moved for a default judgment as to Defendant Green Bird's liability, (Dkt. Nos. 84, 87), which the Court granted on August 4, 2023,

---

[1] The claims against Defendant Amazon were dismissed by stipulation of the parties on January 4, 2023. (Dkt. No. 82).

(Dkt. No. 88). On November 2, 2023, the Court held an evidentiary hearing to determine Plaintiff's damages. (*See* Text Minute Entry, November 2, 2023).

## II.     FACTUAL BACKGROUND

The facts of this case establishing liability, as alleged in the Amended Complaint, are set forth in the Court's August 4, 2023 Memorandum-Decision and Order. *See Kyle v. Green Bird, LTD*, No. 21-cv-919, 2023 WL 5000133, at *1, 2023 U.S. Dist. LEXIS 135578, at *1–2 (N.D.N.Y. Aug. 4, 2023).

Plaintiff and his domestic partner, Miranda Traudt, testified at the evidentiary hearing. Plaintiff testified that at the time of the incident he bled profusely and lost consciousness due to excruciating pain. Plaintiff and Ms. Traudt went to Auburn Community Hospital where thirteen stitches were required to close the wounds. Throughout the next week, Plaintiff experienced unabating throbbing and searing pain in his hand, which medication failed to alleviate. He testified that the tips of his wounded fingers were completely numb. Shortly thereafter, Plaintiff underwent surgery in an attempt to repair nerve damage. Plaintiff testified that this escalated his pain; he had to keep his hand elevated and was in bed, taking prescription opioids, for over two weeks. He had several follow-up visits with the surgeon and completed a course of physical therapy.

Plaintiff also introduced photographs of his injuries, medical records from Auburn Community Hospital, medical records from the surgery, physical therapy records and medical records from his primary care provider. Having reviewed these records and observed the testimony of Plaintiff and Ms. Traudt, the Court credits their testimony.

### III.   DISCUSSION

#### A.   Damages[2]

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (second alteration in original) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (first citing Fed. R. Civ. P. 55(b)(2); and then citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). "Magistrate judges and district courts have interpreted this to mean that . . . damages must be based on admissible evidence." *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010). Therefore, "a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought."

---

[2] The Court need not consider Plaintiff's monetary settlement with Defendant Amazon in assessing damages owed by Defendant Green Bird. "Where a plaintiff settles with one of several joint tortfeasors, New York General Obligations Law § 15–108(a) provides that [the plaintiff's] claim against the remaining tortfeasors is reduced by the greater of: (1) the amount paid for the release; (2) the amount stipulated in the release; and (3) the released tortfeasor's equitable share of the plaintiff's damages." *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir. 2008) (citing N.Y. Gen. Oblig. Law § 15–108(a)). However, "§ 15–108 apportionment" is not "an absolute right" but "an affirmative defense . . . subject to forfeiture if not raised in a timely fashion." *Id.* Moreover, courts in the Second Circuit have held that a "non-settling defendant bears the burden [] of establishing the extent to which a recovery against it would be duplicative of the plaintiff's recovery from settling defendants," and that a defendant who fails to answer or participate in a damages inquest may not benefit from the set-off rule. *RLI Ins. Co. v. King Sha Grp.*, 598 F. Supp. 2d 438, 447 (S.D.N.Y. 2009). Consequently, "in cases involving the application of N.Y. Gen. Oblig. Law § 15–108(a) as well as in cases involving the application of federal common law, most courts in the Second Circuit have held that a defendant in default may not invoke the benefits of the set-off rule." *Sole v. Knoedler Gallery, LLC*, No. 12-cv-2313, 2016 WL 5417880, at *10, 2016 U.S. Dist. LEXIS 96196, at *25 (S.D.N.Y. July 21, 2016) (quotation marks and citation omitted) (citing cases), *report and recommendation adopted*, 2016 WL 5468298, 2016 U.S. Dist. LEXIS 133287 (S.D.N.Y. Sept. 28, 2016).

*Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999)).

At the evidentiary hearing, Plaintiff requested damages in the amount of $250,000 for his past and future pain and suffering, physical scarring, and loss of enjoyment of life.[3]

> In New York, the term 'pain and suffering' encompasses all items of general, non-pecuniary damages and includes the physical and emotional consequences of an injury. It also includes the loss of enjoyment of life which compensates for the frustration and anguish caused by the inability to participate in activities that once brought pleasure. The necessity of further surgery may exacerbate pain and suffering, while pain medication may alleviate it.
>
> Furthermore, damages for past and future pain and suffering must be distinguished. Past pain and suffering refers to damages from the date of the accident through trial, while future pain and suffering refers to damages that will reasonably occur thereafter. When considering future pain and suffering, such damages must be reasonably certain, but there is no requirement that they be permanent.

*Furey v. United States*, 458 F. Supp. 2d 48, 56 (N.D.N.Y. 2006) (internal citations and quotation marks omitted).

"There is no precise rule for determining pain and suffering and [courts are] bound by a standard of reasonableness in light of all the evidence." *Estevez v. United States*, 72 F. Supp. 2d 205, 208 (S.D.N.Y. 1999). Accordingly, courts look to awards in similar cases when determining appropriate damages for a plaintiff's pain and suffering. *Furey*, 458 F. Supp. 2d at 56–57; *House v. Kent Worldwide Machine Works, Inc.*, No. 02-cv-2810, 2010 WL 11607350, at *4, 2010 U.S. Dist. LEXIS 60931, at *14 (S.D.N.Y. June 18, 2010) ("Determining a proper amount of damages to award for past pain and suffering typically involves considering past decisions made, and jury verdicts rendered, awarding such damages for similar injuries."), *report and recommendation*

---

[3] Plaintiff does not separately request damages for past pain and suffering and future pain and suffering, but rather requests one lump sum to cover his claims for damages.

*adopted in relevant part*, 2010 WL 3025642, 2010 U.S. Dist. LEXIS 78411 (S.D.N.Y. July 28, 2010).

### 1) Past Pain and Suffering

The record is sufficient to support past pain and suffering damages. "New York courts have awarded past pain and suffering damages based on the medical procedures endured and nature of the injury suffered." *House*, 359 F. App'x at 209–10. "A review of 23 verdicts fitting the [hand] injury profile reveals an award range from $30,000 to $800,000, with only two of the verdicts exceeding $500,000." *Koerner v. Club Mediterranee, S.A.*, 833 F. Supp. 327, 334 (S.D.N.Y. 1993).

As the Court has noted, "two digits of [Plaintiff's] left [(non-dominant)] hand were sliced by the unprotected blade of [a] sickle" as he was "attempting to remove [it] from [its] box." *Kyle*, 2023 WL 5000133, at *6, 2023 U.S. Dist. LEXIS 135578, at *17. The evidence establishes that Plaintiff's injuries have caused him substantial pain and suffering. In light of the range of damages that New York courts have determined to be reasonable compensation in similar situations, the Court concludes that an award of $150,000 for past pain and suffering is appropriate in this case. *See Koerner*, 833 F. Supp. at 336 (awarding $200,000 for past pain and suffering where the plaintiff suffered "a 40% permanent partial disability to his right dominant hand").

### 2) Future Pain and Suffering

The record is also sufficient to support future pain and suffering damages. "When considering future pain and suffering, such damages must be reasonably certain, . . . but there is no requirement that they be permanent." *Furey*, 458 F. Supp. 2d at 56–57. "[T]he life span during which there will be pain and suffering is a factor to be considered," but "the award is not

5

to be made on a unit-of-time basis, and is at best an estimate." *Id.* at 56. "Confronted with cases in which the plaintiff suffered arm or side injury, courts in New York have found that awards between . . . $40,000 and $1,000,000 for future pain and suffering do not deviate materially from reasonable compensation," though "cases toward the higher end of the spectrum have involved drastic injury to multiple body parts and injury to dominant body parts." *Gissinger v. Yung*, No. 04-cv-534, 2007 U.S. Dist. LEXIS 102373, at *16 (E.D.N.Y. June 28, 2007), *report and recommendation adopted*, 2007 WL 2228153, 2007 U.S. Dist. LEXIS 55533 (E.D.N.Y. July 31, 2007).

At the evidentiary hearing, Plaintiff testified that he has not regained full feeling or function in his left hand. He continues to experience diminished strength and range of motion, as well as numbness and stiffness when performing certain actions such as grasping. At work, he finds more challenging the manual labor required of him as a construction manager. And at home, he struggles to assist his partner in caring for their children. Additionally, Plaintiff no longer enjoys favored pastimes such as cooking, golfing, and home projects. Plaintiff testified that he experiences a diminished ability to use his left hand on a daily basis, and that his fingers often need massaging. Plaintiff further testified that a complete recovery is unlikely; the medical records substantiate this assessment.

Accordingly, the evidence establishes that Plaintiff's injuries will continue to cause him substantial pain and suffering for the rest of his life.[4] In light of the range of damages that New York courts have determined to be reasonable compensation in similar situations, the Court concludes that an award of $100,000 for future pain and suffering is appropriate in this case. *See Neils v. Putnam Hosp. Ctr.*, 715 N.Y.S.2d 67, 68 (App. Div. 2000) (lowering an award for future

---

[4] Plaintiff testified that he is 37 years old.

pain and suffering to $200,000 where plaintiff suffered nerve damage in his non-dominant hand, leaving him with intermittent pain, slight loss of sensation, and some diminished range of motion); *Lantigua v. 700 W. 178th St. Assocs.*, 811 N.Y.S.2d 364, 365–66 (App. Div. 2006) (upholding an award of $200,000 for future pain and suffering where the plaintiff fractured her wrist, requiring a second surgical procedure to remove metal hardware previously inserted); *Fields v. City Univ. of N.Y.*, 628 N.Y.S.2d 76, 76–77 (App. Div. 1995) (upholding an award of $400,000 for past and future pain and suffering where the plaintiff's non-dominant right hand made contact with a circular saw resulting in the amputation of the ring finger, emotional and mental suffering and, *inter alia*, permanency of pain).

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff is awarded a total of $250,000 in damages; and it is further

**ORDERED** that Plaintiff serve a copy of this Memorandum-Decision and Order on Defendant Green Bird and file a certificate of service by November 30, 2023; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: November 8, 2023
       Syracuse, New York

*[Signature]*
Brenda K. Sannes
Chief U.S. District Judge